UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

ROBERT C. CONLEY

       Plaintiff,

    v.

UNION PACIFIC RAILROAD
COMPANY, a corporation,

       Defendants.

NO. CIV. S-04-1970 FCD/GGH

MEMORANDUM AND ORDER

----oo0oo----

Plaintiff Robert Conley ("plaintiff") moves this court for an order modifying the pretrial scheduling order to add a new expert pursuant to Federal Rule of Civil Procedure 16(b). Plaintiff maintains that good cause for the belated designation of an additional expert exists because defendant Union Pacific Railroad ("defendant") only recently produced an audible version of an audio CD to which the expert is needed to respond. Defendant opposes the motion.[1]  For the reasons set forth below, plaintiff's motion is DENIED.

---

[1]  Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. See E.D. Cal. Local Rule 78-230(h).

1

**BACKGROUND**

On September 22, 2004, plaintiff filed a complaint in this action, alleging that he suffered an inhalation injury when he was exposed to smoke while attempting to extinguish a fire on board a locomotive engine during the course and scope of work. (Compl., Docket #1, filed Sept. 22, 2004). The deadline for designation of expert witnesses was set for July 11, 2005, and the discovery deadline was November 16, 2005. (Scheduling Order, Docket # 8, filed Feb. 25, 2005). On September 1, 2006, the court held the final pretrial conference, and the court issued the pretrial order on September 7, 2006. (Pretrial Order, Docket #18, filed Sept. 7, 2006).

By this motion, plaintiff seeks to add an expert to respond to an audio CD. Defendant first produced the audio CD on October 6, 2006, but that copy was "inaudible and/or incomplete." (Aff. of John Furstenthal, filed May 3, 2007 ("Furstenthal Aff."), ¶ 9). Plaintiff notified defendant on or about the end of October 2006 that the recording was defective, and defendant sent a nondefective copy on November 2, 2007.[2] (Def.'s Opp'n to Pl.'s Mot. for Leave to Add a New Expert, filed May 25, 2007 ("Opp'n), at 2-3).

---

[2] Plaintiff's counsel represents that he did not receive a non-defective copy of the audio CD until "shortly before . . . February 2, 2007." (Mot'n at 2; Furstenthal Aff. at ¶ 5). However, defendant presents evidence in his opposition that the non-defective tape was in fact sent on November 2, 2006. (Opp'n at 2-3). In his reply, plaintiff does not dispute the November delivery of the non-defective CD. The court therefore accepts that the audible copy was sent to plaintiff on November 2, 2006.

The audio CD contains a recording of defendant's railroad
dispatcher on the day of the alleged injury.  The recording
indicates that a crew member from another passing train radioed
the dispatcher and stated that he thought he saw steam from
plaintiff's locomotive.  Plaintiff contends that this raises a
material issue as to the type of locomotive defect involved in
the subject accident.  Therefore, plaintiff seeks to add a
locomotive expert to testify regarding smoke or steam releases
from a locomotive where plaintiff was attempting to extinguish a
fire.

**STANDARD**

A pretrial order "shall not be modified except upon a
showing of good cause."  Fed. R. Civ. P. 16(b).  The district
court may modify the pretrial schedule "if it cannot reasonably
be met despite the diligence of the party seeking the extension."
Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir.
1992) (quoting Fed. R. Civ. P. 16, advisory committee's notes
(1983 amendment)).  The "good cause" standard set forth in Rule
16 primarily focuses upon the diligence of the party requesting
the amendment.  "Although the existence or degree of prejudice to
the party opposing the modification might supply additional
reasons to deny a motion, the focus of the inquiry is upon the
moving party's reasons for seeking modification."  Id.

The moving party may establish good cause by showing "(1)
that [he or she] was diligent in assisting the court in creating
a workable Rule 16 order; (2) that [his or her] noncompliance
with a Rule 16 deadline occurred or will occur, notwithstanding
[his or her] diligent efforts to comply, because of the

development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that [he or she] was diligent in seeking amendment of the Rule 16 order, once it became apparent that [he or she] could not comply with the order." Jackson v. Laureate, Inc., 186 F.R.D. 605, 608 (E.D. Cal. 1999)(citations omitted).

## ANALYSIS

Defendant argues that plaintiff fails to demonstrate good cause to support this motion.  Defendant asserts that it produced the subject recording as soon as it discovered the evidence on October 6, 2006, and it complied with plaintiff's request for a non-defective copy of the audio CD on November 2, 2006.  (Opp'n at 1-2).  Plaintiff did not file this motion until May 3, 2006. As such, defendant contends that plaintiff has not demonstrated the requisite diligence under Rule 16.  The court agrees.

Plaintiff has failed to demonstrate good cause to amend the pretrial scheduling order.  Defendant does not contest that plaintiff assisted the court in creating a workable Rule 16 order.  Furthermore, noncompliance with the Rule 16 order would have occurred notwithstanding plaintiff's efforts to comply because the audio CD was disclosed after the pretrial scheduling order was issued.  However, good cause also requires that the moving party was diligent in seeking to amend the Rule 16 order. Plaintiff waited six months after disclosure of the audible audio CD on November 2, 2006 to bring this motion.  Such delay does not comport with the diligence requirement set forth under Rule 16. Therefore, plaintiff has not established good cause to amend the pretrial scheduling order.

4

1    The court also notes the potential prejudice to defendant

2 arising out of plaintiff's filing of this motion in the late

3 stages of litigation.  The court has already held the final

4 pretrial conference and issued the pretrial order.  A jury trial

5 is scheduled for August 14, 2007.[3]

6    Because plaintiff has not demonstrated good cause to modify

7 the pretrial scheduling order to add an expert, plaintiff's

8 motion for leave to add a new expert is DENIED.

9    IT IS SO ORDERED.

10 DATED: June 12, 2007

12                                 FRANK C. DAMRELL, JR.

13                           UNITED STATES DISTRICT JUDGE

26       [3]    The trial date in this matter was previously set for
May 30, 2007.  On May 1, 2007, by minute order, the court vacated
27 the trial date due to a conflict with a criminal trial already in
progress.  (Minute Order, Docket # 28, filed May 1, 2007).  Two
28 days later, plaintiff filed the instant motion.

5