UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

ROBERT C. CONLEY,

   Plaintiff,

 v.

UNION PACIFIC RAILROAD
COMPANY, a corporation,

   Defendant.

NO. CIV. S-04-1970 FCD GGH

MEMORANDUM AND ORDER

----oo0oo----

  This matter is before the court on plaintiff Robert C. Conley's ("plaintiff") motion to modify the pretrial scheduling order to name an additional treating physician as an expert witness for trial. Fed. R. Civ. P. 16(b); <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604 (9th Cir. 1992). Defendant Union Pacific Railroad Company ("defendant" or "UP") opposes the motion, arguing plaintiff has failed to show good cause to permit designation of another expert witness, and, at this late juncture in the case, defendant would be prejudiced by the further

designation.  For the reasons set forth below, plaintiff's motion is GRANTED.[1]

**BACKGROUND**

This action involves a personal injury claim brought under the Federal Employers Liability Act, 45 U.S.C. § 51 *et seq.* Plaintiff, a UP railroad conductor, claims he was exposed to a locomotive engine fire on March 3, 2003.  As a result of the exposure, plaintiff alleges he developed asthma which prevents him from continuing to work at UP since the work environment there exasperates his asthma.  Defendant maintains there was no engine fire as claimed by plaintiff, and thus, plaintiff's asthma and resulting alleged inability to work are not related to any work related injury.

Plaintiff filed this action on September 22, 2004.  Pursuant to the court's pretrial scheduling order of February 25, 2005, the deadline for designation of expert witnesses was July 11, 2005.  On September 1, 2006, the court held the final pretrial conference and issued the final pretrial order on September 7, 2006.  (Docket #18.)  Trial is set to commence on August 5, 2008.[2]

Since the time of the final pretrial conference, plaintiff has continued to receive medical treatment for his alleged injuries sustained as a result of the fire.  Recently, one of

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. L.R. 78-230(h).

[2] The trial of this action has been continued several times due to other criminal trials, which have priority, and the court's trial schedule generally.

2

plaintiff's physicians referred plaintiff to a Dr. Luu for additional treatment of his condition.  Dr. Luu performed a lung function test on plaintiff on April 8, 2008.  Dr. Luu recommended a change in plaintiff's medications and suggested that he undergo further testing over the next several months. (Pl.'s Decl., filed May 21, 2008.)[3]  Plaintiff states that Dr. Luu believes his breathing problems were likely triggered by plaintiff inhaling the smoke during the train fire. (Pl.'s Mem. of P.&A., filed may 23, 2008, at 2:19-21.)  By this motion, plaintiff seeks to add Dr. Luu as an expert witness for trial.

**STANDARD**

A pretrial order "shall not be modified except upon a showing of good cause." Fed. R. Civ. P. 16(b).  The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992) (quoting Fed. R. Civ. P. 16, advisory committee's notes (1983 amendment)).  The "good cause" standard set forth in Rule 16 primarily focuses upon the diligence of the party requesting the amendment.  "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." Id.

---

[3] Plaintiff's declaration was filed in support of his ex parte request to shorten time to hear this motion. (Docket #44-2.)  Inadvertently, when plaintiff refiled and noticed this motion for June 20, 2008, plaintiff did not file his declaration again.  Nevertheless, since defendant has had the declaration since May 21, 2008, the court considers the previous filing in conjunction with the other motion papers filed on May 23, 2008.

3

1     The moving party may establish good cause by showing "(1) that [he or she] was diligent in assisting the court in creating a workable Rule 16 order; (2) that [his or her] noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding [his or her] diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that [he or she] was diligent in seeking amendment of the Rule 16 order, once it became apparent that [he or she] could not comply with the order." Jackson v. Laureate, Inc., 186 F.R.D. 605, 608 (E.D. Cal. 1999)(citations omitted).

**ANALYSIS**

Defendant argues plaintiff fails to demonstrate good cause to support this motion because trial is set to commence in less than two months. Defendant argues it would be severely prejudiced by the late expert designation since there is little time remaining to conduct the necessary discovery with respect to Dr. Luu.

Under Rule 16, the court must consider in the first instance whether plaintiff has diligently sought the instant relief. This case has been pending for trial since September 2006. During that time, plaintiff has continued to receive medical care for the injuries he alleges he sustained during the fire. Shortly after first receiving care from Dr. Luu on April 8, 2008, plaintiff's counsel contacted defendant's counsel on April 23, 2008, requesting that counsel stipulate to allowing Dr. Luu to testify as a witness at trial. The parties thereafter met and conferred on the issue, and on May 5, 2008, defendant's counsel

4

responded that defendant would not so stipulate.  Plaintiff thereafter filed the instant motion on May 23, 2008, setting the matter for hearing on the court's next available law and motion date, June 20, 2008.[4]  Under these facts, the court finds that plaintiff has diligently sought to modify the pretrial scheduling order to add Dr. Luu as an expert witness for trial.

Moreover, any claimed prejudice to defendant can be remedied.  There is sufficient time remaining before trial for the parties to conduct Dr. Luu's deposition and revise any existing expert reports based on his testimony.  Indeed, plaintiff offers in his motion to make Dr. Luu immediately available for deposition.

Accordingly, the court grants plaintiff's motion and directs that plaintiff make all required disclosures and facilitate the taking of Dr. Luu's deposition within 20 days of the date of this order.  Defendant may thereafter supplement, as necessary, its existing expert reports or it may designate a rebuttal expert within 30 days of this Order.  All expert discovery relating to this order shall be completed by July 25, 2008.

**CONCLUSION**

For the foregoing reasons, plaintiff's motion to modify the pretrial scheduling order to add an additional treating physician

---

[4] Further demonstrating his diligence, plaintiff originally sought relief to hear this motion on shortened time. (See Ex Parte App. for Order Shortening Time, filed May 21, 2008.)  Because the court found that there was sufficient time to hear the motion on its regular law and motion calendar, it directed plaintiff to notice the motion for June 20, 2008.

5

1 | as an expert witness for trial is GRANTED.
2 |
3 |     IT IS SO ORDERED.
4 | DATED: June 20, 2008.
5 |
6 | FRANK C. DAMRELL, Jr.
    UNITED STATES DISTRICT JUDGE